**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANCIS TEJANI KUNDRA, #20661647,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2518-N |
| | ) | ECF |
| **CATHERINE GOULD, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an unspecified civil action brought by a detainee of the Bureau of Immigration Custom and Enforcement (ICE).

Parties:  Plaintiff is presently confined at the Immigration Detention Center in Houston, Texas.  At the time of filing this action, he was confined at the Rolling Plains Detention Center in Haskell, Texas.

Defendants are Assistant Public Defender Catherine Gould, Chief Disciplinary Counsel and the Board of Disciplinary Appeals of the Texas Bar Association, and Judge Keith Dean of the 265th judicial District Court in Dallas County, Texas.

The Court has not issued process in this case, pending preliminary screening.  On January 12, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on February 1,

2006.

Statement of Case: Plaintiff seeks to sue Defendant Gould for rendering ineffective assistance of counsel and Judge Dean for presiding at his 2004 probation revocation proceedings in Cause Nos. F03-00800R, F03-00810R, and F03-00814R, and at his guilty plea proceedings in his two new cases, Cause Nos. F04-35042R and F04-53349R. (See Catherine Gould's affidavit attached to Plaintiff's answers to the questionnaire). Plaintiff also seeks to sue the Chief Disciplinary Counsel and the Board of Disciplinary Appeals for refusing to discipline Defendant Gould. He seeks monetary damages.[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the District Court. Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] In his most recent action, Plaintiff seeks to sue the assistant public defender who represented Plaintiff in 2003 in Cause Nos. F03-00800R, F03-00810R, and F03-00814R. See Kundra v. Austin, 3:06cv0728-H (N.D. Tex., Dallas Div. filed on April 21, 2006).

[2] Since Plaintiff is an immigration detainee, the Court did not apply the filing fee provisions of the Prisoner Litigation and Reform Act (PLRA) in granting his motion for leave to proceed *in form pauperis*. See 28 U.S.C. § 1915(a)(2) and (b); Ojo v. INS, 106 F.3d 680, 682-83 (5th Cir. 1997) (holding that a detainee of the Immigration and Naturalization Service is not a

Before addressing Plaintiff's claims, the court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902, 904 (5th Cir. 1988).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint and answers to the questionnaire fail to allege a federal question arising under the Constitution or federal law. The complaint, as supplemented by the answers to the questionnaire, challenges primarily the conduct of the Chief Disciplinary Counsel and Board of Disciplinary Appeals of the State Bar of Texas. It appears Plaintiff is dissatisfied with the ruling issued on December 12, 2005, affirming the dismissal of his disciplinary case against Defendant Gould. (See December 12, 2005 letter attached to Plaintiff's Answers to the Questionnaire). Such a claim, however, fails to raise a federal question.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. See 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of

---

prisoner for purposes of the PLRA filing fee provision). This case is nevertheless subject to the screening provisions of § 1915(e)(2)(B).

the complaint that Plaintiff and the Defendants named in the complaint are citizens of the State Texas.

Insofar as Plaintiff seeks to rely on 42 U.S.C. § 1983, in challenging the conduct of Defendant Gould and Judge Dean during his 2004 criminal proceedings, his claims lack an arguable basis in law. That section affords redress only for conduct committed by a person acting under color of state law. It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. See Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). As such the conduct of Defendant Gould is not cognizable under § 1983.[3]

Moreover, judges enjoy absolute immunity from liability for monetary damages in connection with actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 10 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56 (1977); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995). Based on the facts alleged in the complaint, it is clear that Judge Dean was acting in his judicial capacity and took no action "in the complete absence of all

---

[3] Even assuming Plaintiff could satisfy the color-of-law requirement, his claims would impugn on the validity of his 2004 new state convictions and revocation proceedings. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), these claims are not cognizable under § 1983 unless a court determines that his conviction or sentence is in fact invalid or otherwise legally infirm. Id. Plaintiff correctly notes that his state habeas applications are presently pending before the Texas Court of Criminal Appeals. (See Answer to Question 4).

jurisdiction." See Mireles, 502 U.S. at 11-12.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint for want of jurisdiction. Insofar as Plaintiff seeks to rely on 42 U.S.C. § 1983, the complaint should be dismissed with prejudice as frivolous and for seeking relief against a Defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

It is further recommended that Plaintiff's motions to supplement pleading filed on February 6, 2006 (docket # 11) and for leave to submit exhibits filed on February 21, 2006 (docket # 12) should be granted, and that Plaintiff's motion for leave to amend and for appointment of counsel filed on April 19, 2006 (docket # 12) should be denied.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of May , 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.